IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:  ETHICON, INC.,
        PELVIC REPAIR SYSTEM
        PRODUCTS LIABILITY LITIGATION                MDL No. 2327

---

THIS DOCUMENT RELATES TO:

*Powers, et al. v. Ethicon, Inc., et al.*                Civil Action No. 2:13-cv-18023

MEMORANDUM OPINION AND ORDER

It is **ORDERED** that the court's June 6, 2016 order [ECF No. 22] is **VACATED**. Pending before the court is a Motion to Dismiss with Prejudice filed by Ethicon, Inc., and Johnson & Johnson (collectively "Ethicon"). [ECF No. 19]. Plaintiffs have responded, Ethicon has replied, and I have considered the parties' filings.

Ethicon's Motion arises from this court's Order [ECF No. 11], entered on July 8, 2015, denying Ethicon's Motion for Sanctions, including monetary penalties, dismissal and any other sanction deemed appropriate by the court, for failure to file a Plaintiff Profile Form ("PPF") in compliance with Pretrial Order # 17. In reaching this decision, I relied on *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494 (4th Cir. 1977), in which the Fourth Circuit identified four factors that a court must consider when reviewing a motion to dismiss on the basis of noncompliance with discovery. (*See* Order [ECF No. 11], at 4–7 (applying the *Wilson* factors to the plaintiffs' case)).[1] Concluding that the first three factors weighed in favor of sanctions

---

[1] The *Wilson* factors are as follows:

as requested by Ethicon, I nevertheless declined to award the requested sanctions because it would offend the court's duty under *Wilson's* fourth factor, which is to consider the effectiveness of lesser sanctions. In recognition of this duty, I gave the plaintiff "a final chance to comply with discovery." (*Id.* at 7). I afforded the plaintiffs 30 business days from the entry of the Order to submit to Ethicon a completed PPF, with the caveat that a failure to do so "will result in dismissal with prejudice upon motion by the defendant." (*Id.*). Despite this warning, the plaintiffs have again refused to comply with this court's orders and did not provide Ethicon with their PPF within the 30-day period. Consequently, Ethicon moved to dismiss the case with prejudice.

Because the less drastic sanction instituted against the plaintiffs has had no effect on their compliance with and response to this court's discovery orders, which the plaintiffs have continued to blatantly disregard, I find that dismissal with prejudice is now appropriate. For the reasons explained in my July 8, 2015 Order [ECF No. 11], it is **ORDERED** that Ethicon's Motion to Dismiss with Prejudice [ECF No. 19] is **GRANTED** as to Ethicon Inc., and Johnson & Johnson.

---

(1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson*, 561 F.2d at 503–06).

The court **DIRECTS** the clerk to reinstate this case to the active docket, remove the Closed flag, and send a copy of this Order to counsel of record and any unrepresented party.

                        ENTER: June 23, 2016

                        JOSEPH R. GOODWIN
                        UNITED STATES DISTRICT JUDGE